IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAMONA A., | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 7:20-CV-279 |
| | ) |
| v. | ) |
| | ) |
| ANDREW SAUL, | ) By: Hon. Robert S. Ballou |
| Commissioner of Social Security | ) United States Magistrate Judge |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

In this social security appeal, I **RECOMMEND** that the court **GRANT** the government's motion to dismiss, Dkt. 7, because Plaintiff, Ramona S., failed to file her complaint within the required statutory period.

I.    **PROCEDURAL BACKGROUND**

The government filed a motion to dismiss this case on December 18, 2020, contending that Plaintiff failed to file suit within the 60-day statute of limitations. Dkt. 7. Plaintiff, who is represented by counsel, did not respond to the government's motion. The Court entered two Orders to Show Cause, ordering Plaintiff to respond to the motion to dismiss or show cause why it should not be granted. Dkt. 9 & 10.  On February 12, 2021, Plaintiff filed a brief in opposition to the government's motion. Dkt. 11.  Plaintiff's brief in opposition asserts that Plaintiff's Complaint was timely filed based upon the actual date that her counsel received the Notice of Appeals Council Action ("the notice"). However, the date of receipt of the notice by the claimant, not the claimant's attorney, controls the statute of limitations issue. See Parker v. Colvin, No. 2:15cv 533, 2017 WL 626750, at * 4 (E.D. Va. Feb. 14, 2017).  Accordingly, on

March 25, 2021, the Court entered an order directing Plaintiff to file a declaration, within 15 days of the date of the order, addressing the date that she received the notice. Dkt. 13.  Plaintiff did not file the declaration as directed on the docket.  This matter is now ripe for disposition.

## II.   FACTS

Plaintiff filed a Title II application for disability benefits, which the Commissioner denied initially and on reconsideration.  Plaintiff, thereafter, had a hearing before an administrative law judge, who entered an opinion on May 16, 2019, finding her not disabled. Dkt. 14.  Plaintiff appealed this decision to the Appeals Council, which issued its denial on March 5, 2020. Dkt. 14.  The Appeals Council mailed the Notice of Appeals Council Action to Plaintiff at 2354 Fairview Parkway, Wytheville, Virginia 24382. Dkt. 14.  The Appeals Council notice informed Plaintiff of her right to commence a civil action within sixty days of receipt, and stated that the sixty-day time period starts "the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." Dkt. 14, p. 30.  Under the regulations, a presumption exists that Plaintiff received the notice on March 10, 2020, five days after the date of the letter. Plaintiff's complaint was then due sixty days after receipt, or May 11, 2020. Plaintiff's counsel filed a Complaint on her behalf on May 13, 2020. Dkt. 1.

The Appeals Council also mailed a copy of its notice to Plaintiff's attorney who asserts that the envelope in which his copy of the notice was sent is post-marked March 9, 2020, and was received by him on March 14, 2020. Dkt. 11, Dkt. 14, p. 31.

## III.   ANALYSIS

An individual must file a civil action challenging a denial of social security benefits within sixty days of receiving notice of the Appeals Council's decision by mail. <u>See</u> 42 U.S.C.

§ 405(g); 20 C.F.R. § 422.210(c). The presumptive date of receipt of the Appeals Council's decision is five days after the date of the notice, unless there is a reasonable showing to the contrary. 42 U.S.C. § 422.210(c). This limitation period is not jurisdictional and is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 478–80 (1986). Thus, a claimant can overcome the presumptive date of receipt either through affirmative proof of the date of receipt or through equitable tolling.

   a. **Date of Receipt**

Receipt of an Appeals Council denial notice is presumed five days after the date of the decision. 20 C.F.R. § 422.210(c); Parker, 2017 WL 626750, at * 4. A claimant can rebut the presumption of receipt if she makes a "reasonable showing to the contrary." Id. at *3. "'[A] plaintiff must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance.'" Id. (citing Marte v. Apfel, No.96 Civ. 9024(LAP), 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998)). A claimant can make a "reasonable showing" sufficient to rebut the presumption by presenting concrete evidence of late receipt, such as an affidavit attesting to the late notice accompanied by a contemporaneous calendar notation indicating the date of receipt or a date stamped copy signifying receipt of the letter. See Gower v. Shalala, No. 92-0200-W(S), 1993 WL 737965 (N.D. W. Va. 1993); McLaughlin v. Soc. Sec. Admin. Comm'r, No. 1:10-CV-00263-JAW, 2012 WL 527975, at *2 (D. Me. Feb. 15, 2012), report and recommendation adopted, No. 1:10-CV-00263-JAW, 2012 WL 752354 (D. Me. Mar. 6, 2012); see also Hunt v. Astrue, No. 1:10CV141, 2012 WL 6761418, at *2 (M.D.N.C. 31 Dec. 2012) (finding that sworn statements "without more concrete evidence, are insufficient to rebut the statutory presumption"). A claimant can also rebut the presumption by demonstrating that the

Appeals Council's denial notice was mailed more than five days after its issuance date or was mailed to the wrong address. See Parker, 2017 WL 626750, at *3.

Here, Plaintiff attempts to rebut the presumption of receipt by providing her counsel's date-stamped notice, indicating that it was postmarked March 9, 2020, and was received by counsel on March 14, 2020.  Plaintiff provides no evidence as to the date she received the notice, nor does Plaintiff assert that she received the notice after the presumptive date.  In short, Plaintiff provides no "affirmative evidence" that she received the notice of Appeals Council Action more than five days after issuance.

The Circuits are split on whether "a claimant's attorney's late receipt of an Appeals Council Notice can extend the time for filing a complaint," with the First, Fifth and Sixth Circuits relying upon the statutory language's reference to "you" as the claimant, not her attorney. Parker, 2017 WL 626750, at *4 (citing cases). The Eighth and Ninth Circuits have held that "notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003); Fista v. Comm'r of Soc. Sec., 141 F.3d 1175, 1998 WL 33620 at *1 (9th Cir. March 18, 1998) (unpublished decision). Other courts have held that the date counsel receives the Appeals Council Notice is the date from which the limitations period runs. Allen v. Colvin, No. 2:13cv1366, 2015 WL 3902832, at *3 (E.D. Cal. June 24, 2015) (collecting cases).

Courts in this circuit have followed the majority view that non-receipt by the claimant, not the claimant's attorney, controls the five-day presumption. See Parker, 2017 WL 626750, at *4; Farmer v. Berryhill, No. 1:1600282, 2018 WL 5276470 (S.D.W. Va. Oct. 24, 2018); Hicks v. Berryhill, No. 7:16-cv-293, 2017 WL 4833512, at *2 (W.D. Va. Aug. 22, 2017); Bonecutter v. Astrue, No. 3:09-0608, 2010 WL 715393, at *2 (S.D.W. Va. Feb. 19, 2010).

In <u>Farmer v. Berryhill</u>, the court considered evidence that claimant's counsel date-stamped the notice of Appeals Council Action more than five-days after issuance and found it insufficient to rebut the presumption of receipt. <u>Id.</u>, 2018 WL 5276470, at *2. The claimant's attorney offered an affidavit of his legal assistant averring that the date stamp on the document was the date it was received. The court found the affidavit insufficient to rebut the five-day presumption, noting that "it only addresses counsel's receipt of the notice; it says absolutely nothing about when plaintiff received the Notice of Decision." The court noted the "majority" view that it is the non-receipt by the claimant, not the claimant's attorney that controls the five-day presumption. <u>Id.</u> at *2 (citing cases).

Here, Plaintiff did not provide any affirmative evidence of the date she received the notice, despite the Court's order directing that she provide this information. Thus, the record does not establish the date that Plaintiff received the notice or provide evidence to contradict the presumptive date of March 10, 2020. Counsel's bare assertion that his copy of the notice was postmarked March 9, 2020 is insufficient, standing alone, to rebut the presumption of Plaintiff's receipt. There is no concrete evidence of late receipt. Neither Plaintiff nor her counsel have made a "reasonable showing" sufficient to rebut the presumption that the denial notice was received five dates after its date of issuance. Consequently, Plaintiff's action is untimely filed.

  b. **Equitable Tolling**

The court may equitably toll the 60-day deadline, but should do so rarely, when "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" <u>Bowen v. City of New York</u>, 476 U.S. 467, 478–80 (1986) (quoting <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976)). The Fourth Circuit has held that "tolling of the

period of limitations will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 377(4th Cir. 1986).

Generally, equitable tolling will apply only where a plaintiff has actively pursued her judicial remedies by filing a defective pleading during the statutory period or was tricked into allowing the sixty-day deadline to pass by some agency misconduct. Irwin v. Veterans Admin., 498 U.S. 89, 96 (1990). Equitable tolling does not extend to "a garden variety claim of excusable neglect." Id. It is the plaintiff's burden to establish exceptional circumstances to warrant equitable tolling. Gibbs v. Barnhart, No. 2:04cv0056, 2005 WL283205, at *2 (W.D. Va. Feb. 7, 2005).

This is not one of those "rare cases" in which the application of equitable tolling is appropriate. See e.g., Brown v. Astrue, No. 3:12cv312, 2013 WL 2182306, at *5 (E.D. Va. May 20, 2013); Thomas v. Astrue, No. 5:12cv00064, 2013 WL 593481 (W.D. Va. Feb. 14, 2013); Parker v. Astrue, No. 5:07cv00037, 2008 WL 2746727 (W.D. Va. July 15, 2008). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Specifically, the Fourth Circuit found equitable tolling warranted where the Social Security Administration's "secretive policy" of failing to follow the law of the relevant circuit resulted in the denial of benefits for a class of claimants. See Hyatt v. Heckler, 807 F.2d 376, 380–81 (4th Cir. 1986).

Plaintiff's pleadings are not defective, and she has not established that the Commissioner induced or tricked her into not filing a timely appeal. See Irwin, 498 U.S. at 96. This is also not an extraordinary circumstance warranting equitable tolling due to a "secretive policy" of the Social Security Administration. See Hyatt, 807 F.2d at 380–81. Thus, Plaintiff failed to establish

sufficient fact to justify equitably tolling the statute of limitations period. See Francis v. Berryhill, No. 2:17cv519, 2018 WL 4658715 (E.D. Va. Feb. 2, 2018).

IV. **CONCLUSION**

I **RECOMMEND** that the Court enter an order **GRANTING** the Commissioner's Motion to Dismiss and **DISMISSING** this action from the Court's docket. The Clerk is directed to transmit the record in this case to Elizabeth K. Dillon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within 14 days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection, including a waiver of the right to appeal.

Entered: May 12, 2021

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge